**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT D. THORNE and CHRISTINA M. THORNE,

Defendants.

Case No. 25-cv-4468 (LMP/JFD)

**ORDER**

On August 19, 2026, the Court granted Plaintiff United States of America's default judgment motion, ECF No. 9, against Defendants Scott Thorne and Christina Thorne. ECF No. 22. The Court held Scott and Christina Thorne liable for several years of unpaid income tax assessments. *Id.* at 9–12. The Court ordered, as relevant here, that:

> Judgment is entered in favor of the United States and against Defendants Scott D. Thorne and Christina M. Thorne in the amount of $244,228.88, representing the unpaid balance of federal tax assessments as of March 30, 2026, plus interest and other statutory additions accruing after March 30, 2026, as provided by law until the judgment is paid . . . .

*Id.* at 12. That same day, the Clerk of Court entered a judgment reflecting the same. ECF No. 23.

The United States now moves to alter or amend the judgment under Rule 60(b). ECF No. 24. The United States contends that the Court made a scrivener's error by omitting any language reflecting that Scott and Christina Thorne are jointly *and severally* liable. *Id.* at 1. The United States is concerned that the judgment, as entered, might prejudice its ability to recover against "just one of" Scott or Christina, should it choose to

seek such recovery. *Id.* at 5. The United States asks the Court to "direct the Clerk to modify . . . the judgment against the Thornes pursuant to Fed. R. Civ. P. 60(b)(1) to state that they are jointly and severally liable for the $244,228.88 plus interest." *Id.* The United States alternatively moves for the same modification under Rule 60(a). *Id.* at 5, n.14.

The Court will grant the relief requested but under Rule 60(a), not Rule 60(b). Rule 60(a) allows a court, on its own or in response to a party's motion, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The purpose of the rule is to allow a court "to reflect what was understood, intended and agreed upon by the parties and the court." *United States v. Mansion House Ctr. N. Redev. Co.*, 855 F.2d 524, 527 (8th Cir. 1988). In so doing, it "permits . . . a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (citation modified). Rule 60(b), on the other hand, allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The United States does not seek to be relieved from the judgment; it seeks only a modification of the judgment. Rule 60(a) better applies. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (citation modified) (noting that Rule 60(a) relief is appropriate when "all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake").

That said, the United States is entitled to the modification it seeks.[1] It is well-established that spouses who file joint federal income tax returns are jointly and severally liable. *See* 26 U.S.C. § 6013(d)(3); *Shenker v. C.I.R.*, 804 F.2d 109, 113 (8th Cir. 1986) ("Section 6013(d)(3) provides that spouses who choose to file joint income tax returns are jointly and severally liable for any tax due on their aggregate income."). Indeed, the United States represented as much several times in its briefing. ECF No. 10 at 3, n.8; 4; 10. The Court did not intend for the judgment to reflect otherwise.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. The United States of America's Motion to Alter/Amend/Correct the Judgment (ECF No. 24) is **GRANTED**.

2. The Judgment entered on August 19, 2026 (ECF No. 23) is corrected so that paragraph 3 reads:

> Judgment is entered in favor of the United States and against Defendants Scott D. Thorne and Christina M. Thorne, jointly and severally, in the amount of $244,228.88, representing the unpaid balance of federal tax assessments as of March 30, 2026, plus interest and other statutory additions accruing after March 30, 2026, as provided by law until the judgment is paid.

[1] The United States represents that it sought Scott Thorne's position on the motion, but counsel for Mr. Thorne did not respond. ECF No. 24 at 5. Scott Thorne has not contacted the Court or otherwise filed any opposition to the motion. Christina Thorne has never appeared in this case.

3. The Clerk of Court is **HEREBY DIRECTED** to enter an **amended Judgment** in this matter consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 13, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge